UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL CHARLES,

> Plaintiff,

-against-

ANTHONY LOPEZ; SHIRA ATZMON;
MUNICIPAL CREDIT UNION (MCU),

> Defendants.

19-CV-8706 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights. By order dated September 20, 2019, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

### STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if

the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556.) In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *See id.* at 678-79.

## BACKGROUND

Plaintiff filed this complaint alleging that Anthony Lopez and Shira Atzmon, who are Bronx County Family Court Support Magistrates, and the Municipal Credit Union (MCU), conspired against him to violate his due process rights. Although Plaintiff does not provide much factual detail regarding the events underlying this action, he alleges that his due process rights were violated during child support proceedings involving him and Shaniqua Smiley. Plaintiff alleges that Defendants used "deceptive tactics to induce [him] into signing an adhesion contract by using methods of duress & coercion"; that the Support Magistrates "are operating under fraud, breach of contract, negligence attempting to overthrow the gov't in their colorable court"; that "jurisdiction have been challenge & yet to be proven, lack of thereof case is null & void"; and that Smiley "has yet to provide injury or crime against me under penalty of perjury." (ECF

1:19-CV-8706, 2.) Plaintiff asserts that his wages and tax returns were garnished or seized, and his driver's license and passport revoked. Plaintiff does not specify the relief he seeks.

## DISCUSSION

### A.      No Jurisdiction to Review State Child Support Award

New York law provides a procedure for modifying a child support award. "[T]he Family Court Act permits a respondent to make an application asking the family court, in its discretion, to modify an order of support based on the respondent's financial hardship." *Ngemi v. Cnty. of Nassau*, 87 F. Supp. 3d 413, 418 (E.D.N.Y. 2015). A parent can also seek relief in the state court for child support arrears. N.Y. Family Court Act § 451 ("[T]he court shall not reduce or annul any other arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears."). Plaintiff does not indicate that he attempted to modify his monthly child support obligations by filing a petition for modification of an order of support in the Family Court, or that he sought to reduce or annul any arrears by showing good cause for his failure to seek relief before the unpaid arrears accrued.

Federal district courts, however, lack authority to review state court orders. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (district courts are not authorized "to exercise appellate jurisdiction over state-court judgments"). The Court therefore lacks jurisdiction to entertain any request to vacate or modify child support orders issued by the New York Family Court, or reduce or annul the arrears owed.

### B.      Delegation of Authority to Support Magistrate

Plaintiff appears to challenge the authority of the Support Magistrates to determine his child support obligation. The Court understands this as an argument that New York's delegation of decisionmaking authority to child support examiners or magistrates is improper.

3

New York's Supreme Court has considered and rejected arguments that the Family Court

Act § 439 violates New York's Constitution insofar as it authorizes the transfer of Family

Court's powers from "constitutionally elected Judges to nonjudicial, unelected employees of the

Unified Court System." *Carella v. Collins*, 144 A.D.2d 78, 82 (1989) (holding that N.Y.

Constitution, article VI, § 30 vests broad power in the Legislature to make procedural rules for

the courts, and "the final authority to review determinations made by Hearing Examiners is

reserved for Family Court Judges"); *see also Boscherini v. Borgia*, 229 A.D.2d 744, 745 (1996)

("[I]t is settled law that, upon referral from Supreme Court, Family Court has authority to modify

the support provisions [that have] been incorporated into a judgment of divorce."). Plaintiff's

challenge to the authority of the Support Magistrates, which arises under state law, thus fails to

state a claim on which relief can be granted.

Moreover, a Support Magistrate acting in a judicial capacity is entitled to absolute

judicial immunity for judicial actions and is not deprived of immunity because the action he or

she took "was in error, was done maliciously, or was in excess of [his or her] authority." *Gross v.*

*Rell*, 585 F.3d 72, 84 (2d Cir. 2009). Here, the decisions of Support Magistrates Lopez and

Atzmon were made in the course of presiding over Plaintiff's child support matter. His claims

against the Support Magistrates must be dismissed because they are immune from suit for such

claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

## C.     Child Support Enforcement

In order to "assur[e] that assistance in obtaining support will be available . . . to all

children," federal law provides that "each State must have in effect laws requiring the use of"

procedures for withholding income payable as support, establishing paternity, and establishing,

modifying, and enforcing support obligations. 42 U.S.C. §§ 651, 666(a). These include

"(1) issuance of income executions; (2) intercepting state and federal income tax re[funds];

(3) suspension of a driver's license; (4) imposing liens on real and personal property; and

(5) seizure of assets. *See Southerland v. Banks*, No. 15-CV-6088, 2015 WL 9581818, at *2

(E.D.N.Y. Dec. 30, 2015) (relying on 42 U.S.C. § 666(a)(1)-(16), and Social Security Act § 111–

t, 111–u).

Plaintiff's complaint can be read to assert that his due process rights were violated in

connection with the enforcement of a child support decree.[1] "The two threshold questions in any

§ 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or

property interest protected by the United States Constitution or federal statutes and, if so, what

process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189,

194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). When a

plaintiff brings a procedural due process claim based on random or unauthorized acts by state

employees, a post-deprivation hearing is the only form of due process that can be made available

because the state could not have predicted that the deprivation would occur. *Hellenic Am.*

*Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (1996). But "in situations where

the State feasibly can provide a predeprivation hearing before taking property, it must do so

regardless of the adequacy of the postdeprivation remedy." *Zinermon v. Burch*, 494 U.S. 113,

132 (1990)); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467 (2d Cir. 2006)

---

[1] *See Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013) (holding that domestic relations exception, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees," does not bar district court's jurisdiction over challenge to enforcement of child support order); *Williams v. Lambert*, 46 F.3d 1275, 1284 (2d Cir. 1995) (holding that the exception "did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree, . . . or a child custody decree").

("[W]hen the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing").

At a minimum, due process requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Weinstein v. Albright*, 261 F.3d 127, 134 (2d Cir. 2001) (holding that the key inquiry is whether the class of persons affected are given notice and provided with an opportunity to contest the relevant determination "at a meaningful time and in a meaningful manner").

## 1.    Driver's License Suspension

New York law has an established procedure for notifying a child support debtor before suspending his driver's license and providing an opportunity for him to be heard. When child support arrears total four months or more of support payments, the Support Collection Unit "shall notify the support obligor in writing that his . . . continued failure to pay the support arrears shall result in notification to the department of motor vehicles to suspend the support obligor's driving privileges. . . ." N.Y. Soc. Serv. Law § 11-b(12)(b)(1).[2] "A support obligor who has received such a notice may avoid the suspension" by (1) making full payment of all past due support; (2) making satisfactory payment arrangements for current and past due support, or

---

[2] The Support Collection Unit must provide the notice "by first class mail to the support obligor's last known address or such other place where the support obligor is likely to receive notice, or in the same manner as a summons may be served. Forty-five days after the date of such notice, if the support obligor has not challenged the determination of the support collection unit . . . or if the support obligor has failed to satisfy the arrears/past due support . . ., the department shall notify the department of motor vehicles that the support obligor's driving privileges are to be suspended " N.Y. Soc. Serv. Law § 111-b.

(3) documenting that he is receiving public assistance or supplemental security income, or that his income falls below the self-support reserve. N.Y. Soc. Serv. Law § 111-b(12)(e).

If an obligor whose driving privileges were suspended did not actually receive the required notice, he "may at any time request a review" from the Support Collection Unit. If the Support Collection Unit determines that the obligor either "has not accumulated" four months of support arrears, or that he meets any of the requirements in N.Y. Soc. Serv. Law § 111-b(12)(e) for avoiding suspension (such as making a payment arrangement or demonstrating income below certain levels), then the Support Collection Unit shall notify the Department of Motor Vehicles that the suspension of driving privileges shall be terminated. *See* N.Y. Soc. Serv. Law § 111-b(12)(f).

New York's established procedures thus provide for predeprivation notice and an opportunity to be heard before suspension of a driver's license. If, as a result of random and unauthorized action, a child support obligor does not receive the required notice, New York law also provides an opportunity for review and termination of the suspension if the obligor makes the required showing. N.Y. Soc. Serv. Law § 111-b(12)(f).

Here, Plaintiff fails to plead any facts showing that he did not receive predeprivation notice at his last known address of the opportunity for a hearing or that the state statutory scheme is constitutionally inadequate. Moreover, post-deprivation remedies (that is, a request to the Support Collection Unit to reconsider its action under N.Y. Soc. Serv. Law § 111-b(12)(f), or an Article 78 proceeding), are available if there is a random or unauthorized failure to comply with New York's otherwise adequate legal framework. *See, e.g., Varela v. County of Rensselear*, No. 10-CV-1390, 2012 WL 1354865 (N.D.N.Y. Mar. 8, 2012) (holding that the plaintiff's "statutory remedy against the SCU was to file an Article 78 proceeding); *see also* N.Y. Veh. & Traf. Law

§ 510(4) ("[S]uch person shall have no right to commence a court action or proceeding or to any other legal recourse against the commissioner to recover such driving privileges . . . [but that does not] prohibit such person from proceeding against the [SCU] pursuant to article seventy-eight . . . .").

For these reasons, Plaintiff fails to state a claim for a violation of his right to procedural due process in connection with suspension of his driver's license.[3] The Court therefore dismisses Plaintiff's claim under the Fourteenth Amendment for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Claims Against MCU**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff does not allege any facts showing that MCU is a state actor, or acted under color of state law.

Moreover, MCU is named as a defendant in this action, but the complaint is bereft of a single allegation against it. A plaintiff proceeding under § 1983 must set forth facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See*

---

[3] In addition, courts have repeatedly rejected substantive due process challenges based on the denial of a driver's license or revocation of a passport to an individual who owes child support arrears. *See, e.g., Collins v. Saratoga Cnty. Support Collection Unit*, No. 12-CV-494, 2012 WL 2571288, at *5 (N.D.N.Y. July 3, 2012) (holding that temporary suspension of the plaintiff's driver's license in connection with child support arrears, even if erroneous, did not violate his substantive due process rights), *aff'd*, 528 F. App'x 15 (2d Cir. 2013); *Weinstein v. Albright*, 1:00-CV-1193, 29 (JGK), 2000 WL 1154310, at *5 (S.D.N.Y. Aug. 14, 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $ 5,000), *aff'd*, 261 F.3d 127, 142–43 (2d. Cir. 2001).

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013) (holding that the allegations in a complaint must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging). Where a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

For these reasons, Plaintiff fails to state a federal claim against MCU.

**E.      Supplemental Jurisdiction over State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting that were not already addressed herein. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'")

(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**F.      Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended

complaint should he be able to provide additional facts to support a claim falling within the

Court's federal question jurisdiction.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this

order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court grants Plaintiff leave to replead within 30 days of the date of this order.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days

of the date of this order, caption the document as an "Amended Complaint," and label the

document with docket number 19-CV-8706 (CM). The Clerk of Court is directed to mail a

general Amended Complaint form with this order. If Plaintiff fails to submit an amended

complaint within the time allowed and does not show good cause to excuse such failure, the

Court will enter a civil judgment consistent with this order and direct the Clerk of Court to

terminate this matter.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 15, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial          Last Name

_____

Street Address

_____

County, City                        State               Zip Code

_____

Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.